UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MA, Roland                    ,

                Plaintiff,

v.

University of Southern California,

                Defendant.

CASE NO.: 2:18-cv-01778-JCC

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
(for use only by plaintiffs not in custody)

Jury Trial: ☒ Yes  ☐ No

## I.  THE PARTIES TO THIS COMPLAINT

A.  Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | Roland Ma |
| Street Address | 12345 Lake City Way NE |
| City and County | Seattle and King County |
| State and Zip Code | Washington and 98125 |
| Telephone Number | (206) 415-1234 |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 1

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

B. Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | University of Southern California |
| Job or Title *(if known)* | A Non-profit Organization |
| Street Address | 3551 Trousdale Pkwy ADM 102 |
| City and County | Los Angeles and Los Angeles County |
| State and Zip Code | California and 90098 |
| Telephone Number | (213) 740-7922 |
| ☐ Individual capacity | ☒ Official capacity |

Defendant No. 2

| | |
|---|---|
| Name | Corporation Service Company |
| Job or Title *(if known)* | Registered Agent |
| Street Address | 300 Deschutes Way SW Ste 304 |
| City and County | Tumwater and Thurston County |
| State and Zip Code | Washington and 98501 |
| Telephone Number | (800) 927-9800 |
| ☐ Individual capacity | ☒ Official capacity |

## II.   PREVIOUS LAWSUITS

Have you brought any other lawsuits in any federal court in the United States:?

☒ No

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 2

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

### III. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The Americans with Disabilities Act of 1990 (42 U.S.C. § 12101), as amended, Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 701 et seq, as amended, and Family Educational Rights and Privacy Act of 1974 (20 U.S.C. § 1232g).

C. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Please see attachment #1 for the email that I have sent to Office for Civil Rights

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 3

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

## IV.     STATEMENT OF CLAIM

*State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

This case is not only about discrimination but also acts of retaliation by the University. The factual basis for enforcing Section 504 of the Rehabilitation Act of 1973, would be the retaliations since Aug 14, 2018. Specifically, the University officials first declined a request to accommodate my status by refusing to conduct a hearing online. As a result, I had to travel from Seattle, where I live, to Los Angeles, where the school is located, and when I met the university officials on the campus, I had a panic attack associated with the unsuitable environment for my wellbeing. Besides, the officials refused to provide health care assistance. I find a connection between these outrageous events and the University also obtained multiple civil protection orders against me. Even they do expire in one (1) year, and it is not suggested to appeal because by that time it will be expired., but still, I have appealed the decisions (Exhibit A) and now pending for a hearing date.

The University made efforts to illegally obtain my medical records in connection to the complaints of discrimination. The Department of Education had indicated that the University of Southern California (USC) had a legitimate right to contact me and my parents during an emergency situation, and it did so for over ten times since Aug 24, 2018. However, this extended to efforts to try and get my medical records by contacting my psychiatrist, Dr. Jesse McClelland, on Sep 24, 2018, Sep 25, 2018, and

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 4

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

Sep 27, 2018; my speech-language pathologist, Joanna Gursley, on Sep 24, 2018, and Sep 25, 2018; and my primary care provider on Oct 5, 2018, and Oct 12, 2018. The USC made these overtures without a valid release of information (Exhibit B).

Firstly, Ms. Brumer made a claim that I verbally assaulted her in an online class. She did not outline anything remotely close to warranting a protection order or constituting threats. She also claimed that I sent a complaint to the Board of Behavioral Sciences (BBS) about a prior bankruptcy and traffic violations. She does not indicate that the complaint was untrue or that it contained any threats, express or implied. If whatever I indicated in the complaint is true, then it shall be protected under the Freedom of Speech in the First Amendment. Further, Ms. Brumer claims that she believes that I sent her a hand-written note on or about August 1, 2018, indicating that she would end up bankrupt. The note did not indicate who the sender was, and Ms. Brumer did not prove that I was the one. To put the matters straight, I did not send this note nor make plans for it to be delivered; if it was delivered to her, I do not have any idea who sent it.

In response, I did file a civil action at King County District Court against USC on Aug 17, 2018, requesting a mediation and applied for an order of civil ruling for the school officials to stop doing whatever they were doing (violating my privacy). I believed that calling my parents to inform them about my academic record, for example, was against my interests as an adult. As an adult (over 18 years of age) I have the right over access to my academic and medical records.

Things went quite smoothly afterwards. For example, on Aug 23, 2018, the VAC (Virtual Academic Center) Registrar's Office approved my special request to take next year's classes in advance. These included the SOWK 611 and an elective of my

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 5

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

choice during the process of grade appeal (Exhibit C). However, there was some interruption due to the administrative hearing on the same day (Exhibit D), but I still managed to complete the registration with a special set on Aug 24, 2018. I believe the registrar's office approved this special set because my average GPA is at 3.67 or letter grade A- (Exhibit E), meaning that taking upper division courses in advance should not be a problem. As you can see (Exhibit E), the only disappointment is that I failed that class, and it is the only class I failed since the time the reasonable accommodations were taken away.

Secondly, on Aug 24, 2018, Ms. Brumer filed a new complaint against me. It had three allegations: (1) "Student repeatedly engaged in disruptive activities in his virtual classroom that interfere with other student's ability to learn"; (2) "Student stated that he was watching pornography during class"; and (3) "Student advised another student to file a false report against his professor." There is a pending Student Judicial Affairs hearing (Exhibit F) over the matter. Ms. Brumer made these allegations after the special set had been approved and the registration completed. I found her actions to be in bad faith, and in the response filed an anti-harassment claim against her and Ms. Traube on Aug 28, 2018 (Exhibit G).

In Exhibit G, you can see that on Sep 17, 2018, Ms. Hoovler, acting for Ms. Brumer and Ms. Traube, indicated she cannot accept service on behalf of her clients at that time (Page 1 of Exhibit G), but she agrees the matter to be continued for one week (Page 3 and Page 7 of Exhibit G), so that with the additional time we can confirm the scope and language of the tentative resolution (Page 11-14 of Exhibit G). Ultimately, she

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 6

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

agreed the special hearing to be set at 2:30 pm so that I could have the distraction free-environment that I needed.

But on Sep 20, 2018, while we were still in the process of finalizing the tentative resolution, she went to the court for an ex-parte hearing, obtained a temporary protection order and set the matter to be heard at 1:30pm on Oct 3, 2018 (Exhibit H), which means the Judge will determine her application before my matter is resolved. This outcome is directly related to the special accommodation that I had requested in the determination of my claims. I responded by asking my attorney not to accept service just like what Ms. Hoovler did in the first place (Exhibit I), and I have decided to leave the country at the same time to avoid service.

Since then, the USC has escalated its actions against my wellbeing, including but not limited to contacting my healthcare providers (Page 2-4 of Exhibit J), taping my door and calling me day and night (Page 6-27 of Exhibit J), and hacking into my emails (Page 28-35 of Exhibit J). Also, please note that the interim suspension was backdated; the actual time I received the interim suspension is on Aug 30, 2018.

A.   Where did the events giving rise to your claim(s) occur?

It ended up with expulsion because of absences of some of the internal hearings due to lack of accommodations, even I truly believes it has to do with the anti-harassment cases that they have filed against me, but Erica Wasserman from USC indicated multiple times the Court hearings (or orders) will not make any impact to their decisions.

B.   What date and approximate time did the events giving rise to your claim(s) occur?

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 7

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

- Aug 14, 2018 – Administrative hearing of the complaint filed by Ms. Brumer.
- Aug 17, 2018 – Filed a small claim and asked the school to do nothing until the hearing
- Aug 23, 2018 – Got approval for special set registration while awaiting the results from grade appeal
- Aug 23, 2018 – USC. issued an avoidance of contact due to the complaint filed by Ms. Brumer
- Aug 24, 2018 – Registration completed for the special set based on the earlier approval
- Aug 24, 2018 – Ms. Brumer filed a student judicial affairs complaint based on the old information present in her Student Performance Improvement Plan (SPIP)
- Aug 28, 2018 – Filed an anti-harassment claim against Ms. Brumer and Ms. Traube based on the retaliations I was seeing.
- Aug 30, 2018 – Received a backdated interim suspension; I found out that my student account had been suspended on the same day.
- Sep 17, 2018 – Ms. Hoovler, representing Ms. Brumer and Ms. Traube, indicated in court that she cannot accept service on behalf of her clients, but agree to continue the case for a settlement agreement. The matter is continued to Oct 3, 2018 at 2:30pm.
- Sep 20, 2018 – Ms Hoovler filed the same charges as I, on behalf of her clients against me, obtained a temporary protection order and the matter set to be heard on Oct 3, 2018 at 1:30pm.
- Sep 24, 2018 – Contacted my psychiatrist asking of my complete mental health and medical records, so that the school can assess behaviors and the possibility of mass shooting.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 8

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

- Sep 24, 2018 – Contacted my speech-language pathologist and requested to have all of my pending appointments with them, so that they could serve me with paperwork.
- Sep 25, 2018 – Contacted my MD and SLP, and also emailed my attorney, indicating that I would not withdraw my OCR and BBS complaint, if they continued with the restraining order.
- Oct 5 and Oct 12, 2018 – Contacted my primary care provider (PCP).
- Oct 11, 2018 – Obtained a 5-year civil harassment restraining order in California claiming there is valid proof of service. But even my attorney had already made it clear he is not accepting service by email.
- Oct 17, 2018 – Obtained another civil harassment restraining order in Washington, which extended the earlier restraining order to the State of California.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

In light of this timeline, I believe there is factual ground for discrimination and retaliation by the USC officials. The school contacted my parents (Page 4 of Exhibit L) and Keiro Northwest and told them about one of my diagnosis (Page 9 of Exhibit L). Besides, the school kept calling my phone (Page 21 of Exhibit L). If the university's actions that were taken in response to my initial complaint are not retaliation, then there must be some other serious cause to it.

Simply put, you do not approve special set for registration if there is a foreseeable possibility that the student would fail. Again, you do not allow someone to register and attend for classes if there is a pending interim suspension. The timeline shows that I was qualified for a special set and the suspension was backdated. Besides, if you truly agree

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 9

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

to have a settlement agreement with a student, you agree to continue the class. But in my case, the school officials filed the same charges and against me, and had the Court hear their matter ahead of my application. In the exhibits, you can clearly see that withdrawing the complaint with BBS and OCR can be a condition of the settlement agreement. The school is clearly aware of the OCR complaint, and federal regulations prohibit the University from retaliating against anyone or from intimidating, threatening, coercing, or harassing anyone else because of filing a complaint with OCR or because of taking parts in the complaint resolution process.

### V. INJURIES

*If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.*

Aug 14, 2018 : Panic attack – occurred on USC campus

Nov 26, 2018 : Panic attack – escorted to ER from King County District Court

### VI. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.*

1) Release my transcript as requested multiple times, allowing plaintiff to inspect the complete academic records as a former student at USC and per FERPA, and refund of all of the tuitions that were paid by financial aid, or

2) Pay for the costs of defamation and allow students to continue the educations with the requested accommodations at USC.

### VII. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 10

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/14/2018

Signature of Plaintiff: *Roland Ma*

Printed Name of Plaintiff: Roland Ma

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 11

Roland Ma
PO Box 203
Seattle WA 98111
P. (253) 888-8001
F. (253) 888-8002

**Attachment #1**

**RE: OCR case number 09-19-2049**
3 messages

---

**Roland Ma** <me@roland.ma>                                                                                                                Thu, Dec 13, 2018 at 2:27 PM
To: "Berman, Sara" <Sara.Berman@ed.gov>
Cc: OCR <OCR@ed.gov>

Dec 13, 2018

Sara Berman, Supervisory Attorney
Department of Education
50 United Nations Plz Ste 1545
San Francisco CA 94102-4912

*RE: OCR case number 09-19-2049*

Dear Ms. Berman,

First of all, I'd like to thank you for your correspondence email dated on Dec 10, 2018, I am glad that with the recent changes to the Case Processing Manual (CPM), I now could have the opportunity to provide more inputs to it.

Here are the factual information that I would like the Office for Civil Rights to consider:

1) It is uncontested that USC did approve my accommodations in accordance to Section 504, and it is uncontested that I have been an "A grade student" until Ms. Brumer failed me on a class because she refused some of the approved accommodations.

2) It is uncontested that I did include Ms. Quinn in the email conversations with USC, and it is also uncontested that USC did obtain multiple civil protection orders against me in multiple States.

3) It is uncontested that I did not appear in some of the court hearings, by escaping from service, and due to mental health issue at that time. But since the opposing counsel provided proof of service to the Court, and therefore, the Court did grant the civil protection orders against me as default judgement.

4) It is uncontested that because they have obtained the civil protection orders successfully in State of California, they were able to also ask the Court in State of Washington to recognize their orders issued in a different States.

5) It is also uncontested that I have asked for my transcripts multiple times as a settlement offer, but what USC wanted is "dismissal of all OCR complaints" as part of the settlement prerequisites.

6) Finally, it is also uncontested that they have contacted multiple of my healthcare providers to obtain copies of my medical records, and by telling my former and current (actually former now) employers the possibility of mass shooting, which is untrue. It is uncontested that they have taped legal documents on me and my neighbors' door, and indicated I will be doing mass shooting in an elementary school as soon as tomorrow. It is also uncontested that because how they have serve the paperwork in the first place, I lost my only relationship in Seattle, which is Keiro Northwest, and that is the only depressive moment I ever had in my life. I lost my jobs multiple times because Mr. Immel from their law firm keep telling everyone on earth that I will be shooting everyone. It is uncontested that the postal carrier, Ann Marie, do not want to pick up my mail anymore because their processors taped everyone's mailbox with my information on it.

Once again, given that USC continue to refuse the accommodations that I need, and due to the absences for most of the hearings because of the panic attacks I had previously, USC issued the decision of expulsion and still unwilling to provide me a copy of the transcript as of today. If I am not treated differently than others, then I wonder why their Title IX officer rejected and decided to make no comments to my complaints (before filing complaints with OCR), and finally, I know the school can release all of my information and FERPA do not against it during an emergency situation, but I do not believe it is fair for all of my complaints to OCR were actually released by their Title IX officer.

As always, I invite you to contact me if you have any questions or concerns or anything else that I could assist with.

Sincerely,

*rolandma*
Roland Ma
p.  (253) 888-8001
f.  (253) 888-8002