THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

               Plaintiff,

   v.

UNIVERSITY OF SOUTHERN CALIFORNIA,

               Defendant.

CASE NO. C18-1778-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to appoint counsel (Dkt. No. 11), "emergency" motion to dismiss a party (Dkt. No. 17), motion to strike (Dkt. No. 27), and motion to seal (Dkt. No. 23). Plaintiff, proceeding *pro se*, filed this lawsuit alleging that Defendant discriminated and retaliated against him in violation of federal law. (*See generally* Dkt. No. 10.) On December 18, 2018, the Hon. Mary Alice Theiler U.S. Magistrate Judge granted Plaintiff's motion to *proceed in forma pauperis*. (Dkt. No. 9.) Plaintiff subsequently filed the above motions, which the Court resolves as follows:

- Plaintiff's motion to appoint counsel (Dkt. No. 11) is DENIED. In civil cases, the decision to appoint *pro bono* counsel rests with "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the

likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (alteration in original) (internal quotation marks omitted) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Whatever the merits of Plaintiff's claims, it appears he will be able to litigate his case without the aid of counsel. A review of Plaintiff's complaint reveals that his claims are not overly complex, and that Plaintiff is intimately familiar with the facts and legal issues underlying his claims. (*See generally* Dkt. No. 10.) Moreover, Plaintiff has already filed numerous motions and pleadings in this case, further demonstrating that he is capable of representing himself. (*See* Dkt. Nos. 4, 10, 17, 23, 27.)

- Plaintiff's "emergency" motion to dismiss a party (Dkt. No. 17) is DENIED. In his motion, Plaintiff asks the Court to order Defendant to show cause why it "must hire" one of its attorneys of record, AnneMarie Hoovler. (*Id*. at 1.) The Court construes Plaintiff's motion as requesting the Court to force Ms. Hoovler to recuse herself from this case. Plaintiff's request appears to arise from the fact that Ms. Hoovler previously obtained a civil protection order against him in King County District Court because of his alleged "inappropriate behavior" in the underlying dispute against Defendant. (*See id.*; Dkt. No. 29.)

Plaintiff has not presented a factual or legal basis that would preclude Ms. Hoovler from acting as Defendant's attorney of record in this case. Litigating this case will not cause Plaintiff to violate the protection order because he will not be required to have direct or indirect contact with Ms. Hoovler. Indeed, the relevant protection order specifically instructs Defendant to communicate with Ms. Hoovler's colleague, Michael Jaeger, who has filed a notice of appearance in this case. (*See* Dkt. Nos. 7-2, 12.) Therefore, Plaintiff can communicate about this litigation with Mr. Jaeger without violating the protection order.

- Plaintiff's motion to strike (Dkt. No. 27) is DENIED. Plaintiff asks the Court to strike a declaration (Dkt. No. 7) and three attached exhibits (Dkt. Nos. 7-1–7-3) filed by Defendant because they have "been forged." (Dkt. No. 27 at 1.) The exhibits at issue are a copy of a

praecipe previously filed by Plaintiff asking the Court to exclude Ms. Hoovler from acting as Defendant's attorney (Dkt. No. 7-1); a copy of the protection order obtained by Ms. Hoovler in King County District Court against Plaintiff (Dkt. No. 7-2); and copies of a King County District Court order finding Plaintiff to be a vexatious litigant, and denying Plaintiff's motion for a anti-harassment order against two of Defendant's employees (Dkt. No. 7-3).

A district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration omitted), *rev'd on other grounds* by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). None of the documents Plaintiff seeks to strike meet the Rule 12(f) standard. The declaration itself was filed in response to Plaintiff filing a praecipe requesting the Court to exclude Ms. Hoovler from representing Defendant in this case.[1] (*See* Dkt. Nos. 7, 8.) The exhibits provide relevant context for the Court to understand and rule on Plaintiff's request. *See supra* page 2. Contrary to Plaintiff's assertion, the documents do not appear to be forged, and Defendant filed them after Ms. Hoovler filed a notice of appearance in this case.

- Plaintiff's motion to seal (Dkt. No. 23) is DENIED. Plaintiff asks the Court to seal individual pages from two documents he filed (Dkt. Nos. 21, 22) because they contain his home address. (Dkt. No. 23.) Plaintiff does not provide a sufficient basis to maintain these documents under seal. *See* W.D. Wash. Local Civ. R. 5(g). Moreover, the information Plaintiff wishes to redact, his home address, is part of the public case docket, and is not the type of information that is required to be redacted. *See* W.D. Wash. Local Civ. R. 5.2. Therefore, the Clerk is

---

[1] Although labeled a "praecipe," Plaintiff's request was really a motion to exclude Ms. Hoovler from this lawsuit, which he eventually filed under a separate docket number. (*See* Dkt. No. 17) ("Emergency Motion to Dismiss Party AnneMarie Hoovler").

1 | DIRECTED to unseal Docket Numbers 21 and 22.

2 | For the foregoing reasons, Plaintiff's motion to appoint counsel (Dkt. No. 11), "emergency" motion to dismiss a party (Dkt. No. 17), motion to strike (Dkt. No. 27), and motion to seal (Dkt. No. 23) are DENIED. The Clerk is DIRECTED to unseal Docket Numbers 21 and 22. The Clerk is further DIRECTED to mail a copy of this order to Plaintiff.

DATED this 4th day of January 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE