THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA, | CASE NO. C18-1778-JCC |
| Plaintiff, | ORDER |
| v. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for partial dismissal (Dkt. No. 37), Plaintiff's amended motion to appoint counsel (Dkt. No. 35), and Plaintiff's motion for extension of time (Dkt. No. 47). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant's motion for partial dismissal (Dkt. No. 37) and DENIES Plaintiff's amended motion for appointment of counsel (Dkt. No. 35) and motion for extension of time (Dkt. No. 47) for the reasons explained herein.

**I.  BACKGROUND[1]**

This lawsuit arises from Plaintiff Roland Ma's enrollment at, and ultimate expulsion

---

[1] The following section is based on the complaint (Dkt. No. 10) and its attachment (Dkt. No. 10-1).

ORDER
C18-1778-JCC
PAGE - 1

from, Defendant University of Southern California ("USC"). (*See generally* Dkt. No. 10.) In the summer of 2018, Mr. Ma was enrolled in two online courses at USC. (Dkt. No. 10-1 at 19.) During one of the courses, Mr. Ma's instructor, Professor Susan Brumer, alleged that Mr. Ma violated USC's Student Conduct Code by verbally assaulting her. (Dkt. No. 10 at 5.) USC responded by initiating an administrative review process and scheduling a hearing at its campus in Los Angeles. (*Id.* at 4.) Mr. Ma requested that his review hearing be conducted online, but USC declined his request. (*Id.*)

On August 17, 2018, Mr. Ma responded by filing a civil lawsuit against USC in King County District Court alleging that the University had violated his privacy during the administrative review process. (*Id.* at 5.) It also appears from the complaint that Mr. Ma filed a complaint against USC with the Office of Civil Rights ("OCR"), although the date of that complaint is unclear. (*See* Dkt. No. 10 at 10, 12.) Meanwhile, USC allowed Mr. Ma to register for online courses during the fall semester. (*Id.* at 7; Dkt. No. 10-1 at 7, 13.)

On August 24, 2018, Professor Brumer again alleged that Mr. Ma had violated USC's Student Conduct Code for his behavior during the course, which included telling other students that he was watching pornography during the course and advising another student to file a false report against the instructor. (Dkt. No. 10-1 at 21.) Professor Brumer also believed Mr. Ma had taken actions against her outside of the classroom, such as filing a complaint against her with the California Board of Behavioral Sciences and sending flowers to her house with a threatening note. (Dkt. No. 10 at 5.) These allegations led USC to place Mr. Ma on an interim suspension. (*Id.*; Dkt. No. 10-1 at 87.) Mr. Ma responded by attempting to obtain civil anti-harassment orders against Professor Brumer and a colleague, Professor Dorian Traube, in King County District Court. (Dkt. No. 10-1 at 24–30.)

Mr. Ma's conduct caused Professors Brumer and Traube to obtain civil protection orders against him in Washington and California. (*See* Dkt. Nos. 10 at 8–9, 10-1 at 39.) Ultimately, USC expelled Mr. Ma based on the complaints against him, and because he failed to appear at

several of the administrative review hearings that were scheduled to address his conduct. (Dkt. No. 10 at 7.)

On December 11, 2018, Mr. Ma filed this lawsuit, alleging that USC violated 42 U.S.C. § 1983; Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232f. (Dkt. No. 10 at 3.) Mr. Ma alleges that USC discriminated and retaliated against him in violation of the ADA, based on its actions during the administrative review process. (*Id.* at 4.) Mr. Ma further alleges that USC violated FERPA because it unlawfully disclosed some of his educational records. (*Id.* at 12.) Defendant has filed a motion for partial dismissal of Plaintiff's Section 1983 claim and FERPA claim. (Dkt. No. 37 at 1.)

**II. DISCUSSION**

**A. Motion to Dismiss Legal Standard**

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). A dismissal under Federal Rule of Civil Procedure 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs, and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "a liberal interpretation of a [*pro*

*se*] civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Mr. Ma's Section 1983 Claim

To state a claim pursuant to 42 U.S.C. Section 1983 a plaintiff must allege (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Private entities are generally not liable under Section 1983 because they do not act under color of state law. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). The Ninth Circuit recognizes four tests for determining whether a private party's actions amount to state action for purposes of Section 1983 liability: (1) the public function test, (2) the joint action test, (3) the compulsion test, and (4) the nexus test. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

USC asserts that Mr. Ma has failed to "provide sufficient facts to demonstrate that the University was a state actor – a necessary component of any claim under 42 U.S.C. § 1983." (Dkt. No. 37 at 2.) In support of its position, USC requests that the Court take judicial notice of the fact that it is a private entity. (Dkt. No. 39 at 2.) USC filed a corporate disclosure statement and a federal tax schedule, which both indicate that it is a private university. (*See* Dkt. Nos. 40, 41.) On a motion to dismiss, the Court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2), (d); *see also United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). Based on the documents filed by USC, and without objection from Mr. Ma, the Court takes judicial notice of the fact that USC is a private entity.

Mr. Ma's complaint does not contain allegations that demonstrate USC, as a private

entity, can be held liable under Section 1983. Mr. Ma's Section 1983 claim is based on USC's alleged violations of the ADA and FERPA.[2] Liberally construing the complaint, it appears Mr. Ma alleges that USC violated the ADA by: (1) failing to provide reasonable disability accommodations while he was enrolled in classes at USC and during the administrative review process; (2) suspending and ultimately expelling Mr. Ma from the University in retaliation for filing a lawsuit and making an OCR complaint; and (3) obtaining civil protection orders for Professors Brumer and Traube in Washington and California state courts after Mr. Ma filed his lawsuit and OCR complaint. (*See* Dkt. No. 10 at 4–10.)

The complaint does not contain any facts that demonstrate USC is a state actor—that is, that the University's alleged ADA violations are "fairly attributable" to the state. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Nor does the complaint contain allegations that suggest USC's actions meet any of the recognized state action exceptions.

"Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Lee v. Katz*, 276 F.3d 550, 554–55 (9th Cir. 2002) (internal quotation marks omitted). The complaint does not assert that USC acted pursuant to any powers or functions that were "governmental in nature." Indeed, almost all of Mr. Ma's allegations arise from USC's administrative review process, which is a non-public, quasi-judicial proceeding. (Dkt. No. 10 at 4–10.) Although higher education can be described as a "public function" it is not "exclusively governmental" such that USC's conduct amounts to state action. *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982) (holding that private alternative high school funded at public expense was not a state actor for purposes of Section 1983 liability).

---

[2] As the Court explains below, FERPA does not provide an individual right that can be enforced through Section 1983. *See infra*, Part II.C.

Under the joint action test, district courts examine whether the government has placed itself "into a position of interdependence with the private entity [such] that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995) (citations, alterations and internal quotation marks omitted). Here, Mr. Ma does not allege that the state or any public entity stands to benefit from USC's alleged ADA violations. Nor does Mr. Ma allege that the state was actively involved in USC actions.

The compulsion test applies where the state's "coercive influence" or "significant encouragement" leads a private actor to commit the alleged civil rights violation. *Kirtley*, 326 F.3d at 1094 (citing *Sutton*, 192 F.3d at 836–37). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 817 (9th Cir. 2010) (citation and internal quotation marks omitted). The complaint does not allege that USC's actions toward Mr. Ma were in any way compelled, coerced, or encouraged by the state—on the contrary, the University's actions were taken pursuant to its own Code of Conduct and internal policies. (*See* Dkt. No. 10-1 at 87–89.)

Finally, the nexus test asks whether "there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). The only allegation that could conceivably establish the requisite nexus is that USC retaliated against Mr. Ma by obtaining civil protection orders for Professors Brumer and Traube in Washington and California state courts. (*See* Dkt. No. 10 at 8–9.) However, Mr. Ma does not allege that either Washington or California played any role in USC obtaining the protection orders, aside from being the jurisdiction where the orders were issued. The Ninth Circuit has declined to find the requisite nexus in cases that involved a much closer connection between the private actor and state. *See, e.g.*, *Kirtley*, 326 F.3d at 1094 (finding no nexus between state and a court-appointed guardian ad litem, where guardian was chosen, paid by, and subject to the state's

regulations). For the above reasons, the complaint fails to allege that USC is a state actor, or that its conduct could be characterized as state action for purposes of establishing a Section 1983 claim.

### C. Mr. Ma's FERPA Claim

Mr. Ma alleges USC violated FERPA by disclosing his educational records during the state court proceedings in which Professors Brumer and Traube obtained civil protection orders.[3] (*See* Dkt. Nos. 10 at 3, 10-1 at 103–04.) As relevant to this lawsuit, FERPA withholds federal funds from public and private universities "which [have] a policy or practice of permitting the release of education records . . . or personally identifiable information contained therein . . . of students without the written consent of their parents to any individual, agency, or organization." 20 U.S.C. § 1232g(b)(1). FERPA does not provide individuals with a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 282 (2002). The United States Supreme Court has also held that FERPA does not create an individual right that is enforceable under 28 U.S.C. Section 1983. *Id*. at 289. Mr. Ma appears to concede that FERPA does not provide a private cause of action. (*See* Dkt. No. 42 at 3) ("Although FERPA does not allow for a private right of action, the plain language of the statute does not mean Plaintiff is barred from inspecting and reviewing all education record that USC maintains that is directly related to Plaintiff as the student.")

Before dismissing a *pro se* civil rights complaint for failure to state a claim, courts must typically give plaintiffs an opportunity to cure the complaint's deficiencies. *See Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id*. In other words, a dismissal with prejudice is appropriate where amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

---

[3] The Court liberally construes the allegations in the complaint regarding Mr. Ma's FERPA claim, as it is not easily apparent how exactly USC violated the statute.

ORDER
C18-1778-JCC
PAGE - 7

Here, the Court concludes that further amendment would be futile to cure Mr. Ma's Section 1983 and FERPA claims. Mr. Ma has not alleged any facts in his complaint or in his briefing that suggest USC's conduct in this case is cognizable as state action. Moreover, FERPA neither provides a private cause of action nor can it support a Section 1983 claim. Therefore, the Court DISMISSES Plaintiff's Section 1983 claim and FERPA claim with prejudice.

**D.     Mr. Ma's Amended Motion to Appoint Counsel and for Extension of Time**

Mr. Ma filed an amended motion to appoint counsel (Dkt. No. 35) and for an extension of time to file responses because of the federal government's since-ended "shutdown." (Dkt. No. 47.) The Court previously declined to appoint counsel because Mr. Ma's claims were not overly complex and he had demonstrated an ability to represent himself by filing "numerous motions and pleadings in this case." (Dkt. No. 34 at 2.) At this point, the Court is even more convinced that appointment of counsel is unwarranted. First, with the dismissal of Mr. Ma's Section 1983 and FERPA claims, the lawsuit is even less complex than before. Second, Mr. Ma has continued to file responses and briefings, which further demonstrates the capacity to litigate his claims. For those reasons, Mr. Ma's amended motion to appoint counsel (Dkt. No. 35) is DENIED.[4]

Mr. Ma separately asks the Court for "a later noting date for ALL motions and briefing schedules, until the U.S. Government resume normal operations." (Dkt. No. 47.) It is not clear to the Court why the Government shutdown would warrant the relief Mr. Ma seeks, because the Federal Government is not a party to this lawsuit. Therefore, Mr. Ma's motion for extension of time (Dkt. No. 47) is DENIED.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's motion for partial dismissal (Dkt. No. 37) is GRANTED, and Plaintiff's amended motion to appoint counsel (Dkt. No. 35) and motion for

---

[4] At this time, the Court declines USC's request that it revoke Mr. Ma's IFP status (Dkt. No. 49 at 8) because there is not sufficient evidence to demonstrate his allegations of poverty are untrue or that the action is frivolous or malicious.

extension of time (Dkt. No. 47) are DENIED. In accordance with the Court's order, Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 20 U.S.C. § 1232f are DISMISSED with prejudice. Plaintiff's only remaining claims are for discrimination and retaliation pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12101.

DATED this 1st day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE