THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA, | CASE NO. C18-1778-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 73) of the Court's order granting Defendant's motion for partial dismissal (Dkt. No. 37) and denying Plaintiff's motion to appoint counsel (Dkt. No. 35).

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "'A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly.'" *Premier Harvest LLC v. AXIS Surplus Insurance Co.*, No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz.

1998)).

Plaintiff asserts that reconsideration is appropriate "due to (1) the need to correct a clear error and (2) the availability of new evidence." (Dkt. No. 73 at 1.) Plaintiff suggests that the Court erred by dismissing his 42 U.S.C. § 1983 claim without considering his allegation that Defendant conspired "with one or more state officials to deprive [him] of a federal right." (*Id*.) First, none of the allegations Plaintiff refers to are contained in the complaint and are therefore outside the scope of the Court's review on a motion to dismiss. (*See* Dkt. No. 10); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted.) Second, the facts that Plaintiff alleges in his motion for reconsideration, and elsewhere in the docket, do not plausibly demonstrate that Defendant was a state actor for purposes of Section 1983 liability.[1] Therefore, Plaintiff has not demonstrated that the Court's ruling represented manifest error.

Plaintiff also asks the Court to reconsider its denial of his motion to appoint counsel. (Dkt. No. 73 at 4.) Plaintiff's motion amounts to a request for the Court rethink what it already thought. Plaintiff has neither demonstrated that the Court's decision represented manifest error nor that any newly discovered evidence warrants reconsideration.

For those reasons, Plaintiffs' motion for reconsideration (Dkt. No. 73) is DENIED. The Court will not entertain additional motions for reconsideration regarding these prior rulings.

DATED this 6th day of February 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

---

[1] Nor has Plaintiff provided any "new evidence" that would cause the Court to reconsider its order dismissing Plaintiff's Section 1983 claim.

MINUTE ORDER
C18-1778-JCC
PAGE - 2