UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA, | CASE NO. C18-1778-JCC |
| Plaintiff, | ORDER |
| v. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's sealed motion to appoint counsel (Dkt. No. 75) and *ex parte* sealed motion for extension of time to serve pleading and continuing pretrial conference (Dkt. No. 80).[1] Plaintiff, proceeding *pro se*, filed this lawsuit alleging that Defendant discriminated and retaliated against him in violation of federal law. (*See generally* Dkt. No. 10.) The Court has described the background of this case in prior orders and will only repeat the relevant procedural history here. (*See* Dkt. Nos. 64, 72.)

The Court has twice denied Plaintiff's requests to appoint counsel. (*See* Dkt. Nos. 34, 72.) The Court previously ruled that Plaintiff could adequately represent himself because "he is

---

[1] Both motions contain confidential personal information about Plaintiff that is not public. Plaintiff's interest in keeping this information confidential outweighs the public's inherent interest in access to the Court's records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).Therefore, the Clerk is DIRECTED to maintain both motions, and their supporting declarations, under seal. (*See* Dkt. Nos. 75, 79, 80.)

intimately familiar with the facts and legal issues underlying his claims," and had demonstrated an ability to file pleadings and participate in the prosecution of his claims. (Dkt. No. 34 at 2.) The Court concluded that Plaintiff's lawsuit did not represent the kind of extraordinary civil case in which appointment of counsel would be appropriate. (*Id.*; *see also* Dkt. No. 72 at 8) ("First, with the dismissal of Mr. Ma's Section 1983 and FERPA claims, the lawsuit is even less complex than before. Second, Mr. Ma has continued to file responses and briefings, which further demonstrates the capacity to litigate his claims.").

In his latest motion to appoint counsel, Plaintiff reiterates that his efforts to obtain counsel—both privately and through legal aid organizations—have failed. (Dkt. No. 75 at 1–2.) Plaintiff also offers a note from a healthcare provider opining that Plaintiff should have appointed counsel because of his existing medical conditions. (*See id.* at 4.)

In civil cases, the decision to appoint *pro bono* counsel rests with "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (alteration in original) (internal quotation marks omitted) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

As with his prior motions, Plaintiff has failed to demonstrate that this is an extraordinary civil case that warrants the appointment of pro bono counsel. Having reviewed the record, Plaintiff's remaining discrimination claims do not appear particularly meritorious. Plaintiff alleges that Defendant discriminated and retaliated against him based on his disability by suspending and then ultimately expelling him from its university. (Dkt. No. 10 at 3–4.) However, it appears that Defendant had well-documented reasons for initiating and taking such actions against Plaintiff that are wholly unrelated to his disability. (Dkt. Nos. 50–54.) While the Court is not passing judgment on Plaintiff's claims, the record does not evince that they are clearly meritorious such that the

ORDER
C18-1778-JCC
PAGE - 2

appointment of counsel would be in the interests of justice. Plaintiff misunderstands the controlling legal standard for appointment of counsel if he believes that simply attempting, but failing to hire counsel is enough to demonstrate that the Court should provide a *pro bono* attorney.

Further, Plaintiff continues to demonstrate an ability to litigate his claims. He has fully participated in this case even without the benefit of an attorney, and his claims are not overly complex. Regardless of what Plaintiff's doctor might think, Plaintiff has shown that he can represent himself. For those reasons, Plaintiff's motion to appoint counsel (Dkt. No. 75) is DENIED.

Plaintiff also filed an *ex parte* motion for extension of time to serve pleading and continuing the pretrial conference. (Dkt. No. 80.) Plaintiff asks the Court to "grant an emergency ex parte relief of 30-day extension due to active voluntary mental health treatment." (*Id.*) It is not entirely clear what deadline Plaintiff seeks an extension of, as there are no motions pending for which he must file a responsive pleading, nor is there a "pretrial conference" scheduled.[2] The status conference in this case is scheduled for March 26, 2019 at 9:30 a.m. (Dkt. Nos. 77, 82.) At that conference, the Court will issue its scheduling order that establishes deadlines for the parties to exchange discovery, make certain pretrial motions, as well as set a date for trial. Plaintiff does not need to prepare or file anything in advance of the status conference. Therefore, Plaintiff's *ex parte* motion for extension of time to serve pleading and continuing the pretrial conference (Dkt. No. 80) is DENIED. The Clerk is DIRECTED to maintain Docket Numbers 75, 79, and 80 under seal until further order of the Court.

DATED this 12th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, the current status conference is almost exactly 30 days from the date Plaintiff filed his motion seeking a 30-day extension.

ORDER
C18-1778-JCC
PAGE - 3