THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

        Plaintiff,

   v.

UNIVERSITY OF SOUTHERN CALIFORNIA,

        Defendant.

CASE NO. C18-1778-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 84) of the Court's order denying Plaintiff's motion to appoint counsel (Dkt. No. 75) and motion for extension of time (Dkt. No. 80).

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

Plaintiff asserts that reconsideration is appropriate because "(1) the Court failed [to]

ORDER
C18-1778-JCC
PAGE - 1

consider the conditions as described in Dkt. # 8 and Dkt. #33, and (2) Plaintiff failed to elaborate with new evidence (Exh. A) after the car accident (Dkt. #75)." (Dkt. No. 89 at 1.) Plaintiff states that "if the Court is still unwilling to grant an extension until April 3, 2019," he wants the Court to grant a voluntary dismissal of his claims without prejudice. (*Id.*)

Plaintiff has not met the standard for reconsideration. First, Plaintiff has not pointed to a manifest error in the Court's prior order denying the appointment of counsel and denying an extension of the status conference currently scheduled for March 26, 2019. Second, Plaintiff has not provided new facts that could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff simply cites to earlier docket entries that the Court previously considered in denying his motions. (*See* Dkt. No. 89 at 1.) This portion of Plaintiff's motion amounts to a request for the Court to rethink what it already did in its prior order.[1]

The only new information that Plaintiff provides in his motion for reconsideration is a one-page letter filed in King County District Court notifying the Court that Plaintiff has a pending charge against him in Seattle Municipal Court. (Dkt. No. 89-1 at 1.) First, it is not entirely clear to the Court how this information supports either of Plaintiff's prior motions. It appears that Plaintiff is potentially concerned that he could be criminally prosecuted if he attends the status conference because one of Defendant's attorneys, AnneMarie Hoovler, has a civil protection order against him. (*See* Dkt. No. 7.) However, the Court already addressed this issue in a prior order, when it denied Plaintiff's request that Ms. Hoovler recuse herself from this case. (*See* Dkt. No. 34 at 3.) As the relevant protection order states, Plaintiff can have contact with Ms. Hoovler's law firm and her co-counsel Michael Jaeger. (Dkt. No. 7-2 at 2.)

Second, the letter attached to Plaintiff's motion for reconsideration was written weeks before Plaintiff filed either of his motions. (*Compare* Dkt. No. 75, *with* Dkt. No. 89-1.)

---

[1] Indeed, the Court has considered, and denied, three separate motions to appoint counsel. (*See* Dkt. Nos. 34, 72, 83.) In doing so, the Court considered the information that Plaintiff cites in his present motion. (Dkt. No. 89 at 1.)

Therefore, Plaintiff could have previously brought this information to the Court's attention with reasonable diligence. And even if the Court did consider this new information, it does not support granting a continuance of the status conference or the appointment of counsel. For those reasons, the Court DENIES Plaintiff's motion for reconsideration (Dkt. No. 89).

A plaintiff may voluntarily dismiss an action without a court order by filing either "a notice of dismissal before the opposing party serves either an answer or motion for summary judgment," or "a stipulation of dismissal signed by all parties." Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). In all other cases, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Plaintiff asks that, if the Court denies his motion for reconsideration, it "dismiss this case without prejudice, so that I can re-file at a later time once the persecution has been declined or over." (Dkt. No. 84 at 2.) The Court concludes that a voluntary dismissal is appropriate in this case. The parties have not conducted a status conference or engaged in discovery. While the Court has ruled on a partial motion to dismiss, this case is still in the early stages of litigation. The Court does not perceive undue prejudice to Defendant if it were to dismiss Plaintiff's claims without prejudice. Therefore, the Court ORDERS as follows:

1. Plaintiff's motion for reconsideration (Dkt. No. 84) is DENIED.

2. Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff's disability discrimination and retaliation claims pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12101, are DISMISSED without prejudice.

3. In accordance with the Court's prior order (Dkt. No. 72), Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 and the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g are DISMISSED with prejudice.

4. The Clerk is DIRECTED to vacate the status conference scheduled for March 26, 2019.

1 | DATED this 18th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE