THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLAND MA, | CASE NO. C18-1778-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's amended motion for permanent injunction (Dkt. No. 91). On March 18, 2019, the Court entered judgment dismissing Plaintiff's claims against Defendant without prejudice. (Dkt. No. 87.) The Court dismissed the claims at Plaintiff's request. (*See* Dkt. Nos. 86, 87) ("I have no choice other than moving the Court to dismiss this case without prejudice, so that I can re-file in a later time once the persecution has been declined or over.").

A day after the Court entered judgment, Plaintiff filed a motion for permanent injunction.[1] (Dkt. No. 90.) Plaintiff requests that the Court order Defendant "to avoid contact

---

[1] Plaintiff subsequently filed his amended motion for permanent injunction a day later on March 20, 2019. (Dkt. No. 91.)

MINUTE ORDER
C18-1778-JCC
PAGE - 1

[with] any of the healthcare providers of Plaintiff, [or] obtain any of the protected health information (PHI) in any way, shape, or form, in accordance to Health Insurance Portability and Accountability Act (HIPAA)." (Dkt. No. 91 at 1.) Plaintiff states that such an injunction is warranted because the case has been dismissed without prejudice, and there is no reason for Defendant "to continue to issue anymore subpoena[s] [or] to obtain anymore protected health information." (*Id*. at 2.) Plaintiff does not allege that Defendant has issued any subpoenas or attempted to obtain any of his medical records since the Court dismissed this lawsuit. Plaintiff supports his request by citing to Local Civil Rule 55(b)(2), which pertains to the evidence plaintiffs must provide to obtain a default judgment.

Since the Court has entered judgment, it construes Plaintiff's request as a motion to alter the judgment. *See* Fed. R. Civ. P. 59(e); *see also Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (holding that motions filed within 28 days of judgment are treated as a Rule 59(e) motion, whereas motions filed after 28 days from entry of judgment are treated as a Rule 60 motion). A district court may amend its judgment if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

There is neither a legal nor factual basis for granting Plaintiff's motion. Plaintiff has not offered newly discovered evidence, demonstrated that the Court's judgment was manifestly unjust, or shown that there was an intervening change in controlling law. Nor is Plaintiff's requested injunctive relief—that Defendant cease attempting to obtain his medical records—even related to the relief he originally sought in this lawsuit. (*See* Dkt. No. 10 at 10.) Furthermore, Plaintiff has already refiled his claims against Defendant, making the requested injunctive relief wholly inappropriate. *See Roland Ma v. Dept. of Educ.*, Case No. 19-0399-RAJ, Dkt. No. 1-1 (W.D. Wash. 2019). For those reasons, Plaintiff has not demonstrated a basis for the Court to amend its judgment and grant a permanent injunction.

1 | Plaintiff's motion for permanent injunction (Dkt. No. 91) is DENIED.

2 | DATED this 25th day of March 2019.

<u>William M. McCool</u>
Clerk of Court

<u>s/Tomas Hernandez</u>
Deputy Clerk